## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SHAKIA SMITH,                              )
                                           )      C.A. No. _____
        Plaintiff,                       )
                                           )
        v.                               )
                                           )      TRIAL BY JURY OF TWELVE
SMALL WONDER DAYCARE, INC.,                )      DEMANDED
                                           )
        Defendant.                       )
                                           )

### COMPLAINT

Plaintiff Shakia Smith ("Plaintiff") brings this action under the ADA 42 U.S.C. § 1211(a)(2012) because of her chronic disability (pregnancy and hernia), and the Civil Rights Acts of 1886, 42 U.S.C. §1981, and of 1964, 42 U.S.C. §2000e due to her race and gender as a black woman against her former employer Small Wonder Daycare, Inc. ("Defendant") for violations of her rights guaranteed under federal law when a chronic medical condition required a short-term accommodation by Defendant and when racial slurs were used in Plaintiff's presence.  Defendant displayed a callous lack of regard for Plaintiff's rights under federal law. Under a doctor's orders, Plaintiff requested a reasonable accommodation to be placed in a room that would limit her from lifting more than 5 pounds until she delivered her child and could have a surgery to correct her hernia.  Rather than engage in a meaningful dialogue about the accommodation, or otherwise recognizing the protections guaranteed to Plaintiff for this activity, Defendant constructively discharged her when reasonable accommodations existed and were afforded to others similarly situated.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter and the parties pursuant to 29 U.S.C. § 1331 as this case involves questions of federal law.

2.      Plaintiff invokes the protections pursuant to ADA 42 U.S.C. § 1211(a)(2012) because of her chronic disability, and of the Civil Rights Acts of 1886, 42 U.S.C. §1981, and of 1964, 42 U.S.C. §2000e, because of her race and gender as a black woman.

3.      Venue is proper in this District because Defendants operate business in this District and all or most of the events giving rise to this action occurred in this District.  28 U.S.C. 1391(b); 42 U.S.C. § 2000e-5(f)(3).

## THE PARTIES

4.      Plaintiff, Shakia Smith, is an African American female citizen of the United States and a current resident of Delaware.

5.      Defendant Small Wonders Child Care, Inc., is a childcare facility with its principal place of business located at 100A Greenhill Avenue, Wilmington, DE 19805.

6.      The acts set forth in this Complaint were authorized, ordered, condoned, ratified and/or done by defendant's officers, agents, employees and/or representatives while actively engaged in the management of defendant's business.

## ADMINISTRATIVE PROCEEDINGS

7.      Plaintiff timely filed a Charge of Discrimination alleging violations of the Americans with Disabilities Act, Title VII of the American Civil Rights Act of 1886, 42 U.S.C. § 1981, and of 1964, and 42 U.S.C. §2000e to the Equal Opportunity Commission ("EEOC") on February 23, 2017.

8.      Defendant refused to participate in mediation or conciliation and the EEOC issued its right to sue letter on August 2, 2021.  This timely Complaint followed.

### FACTS

9.      Plaintiff began her employment with Defendant in on October 4, 2014, as a Teacher's Assistant at $9.00.

10.      Plaintiff's work schedule was full-time.  She worked regular shifts from 9:00 a.m. to 6:00 p.m., Monday through Friday.

11.      Plaintiff asserts that she is an individual with a known disability (pregnancy and hernia) who was able to perform the essential functions of her position either with or without reasonable accommodations.

12.      Plaintiff asserts that Defendant denied her reasonable accommodations to include being transferred to a room that would not require her to lift more than 10 pounds, later with restrictions to no lifting over 5 pounds.

13.      On June 30, 2016, Plaintiff reported to the Chairman Kim Marconi that teacher, Nissa Logullo, used a racial slur inside of an active classroom.  Plaintiff asserts that Ms. Logullo (a Caucasian female) used the words "n*gger" and "coons" in the presence of children. Specifically, Logullo stated the following:  "(redacted child's name)'s mother doesn't like white people, so I told her I don't like ignorant niggers like her mother. . ." and, when a doll went missing in the classroom, Logullo stated, "I know one of you coons has it."  Marconi merely counselled Logullo to apologize to Plaintiff.

14.      Plaintiff asserts she was removed out of the classroom once she reported the racial slurs and was then forced to clean toilets, sinks, sweep steps, and dust for cobwebs.   Logullo

remained in the classroom and Plaintiff was then returned to the classroom on October 27, 2016, when staffing needs changed.

15.     Plaintiff later made a complaint to the Office of Childcare Licensing and only then was Logullo required to take a 4-hour training in Family Communication/Professionalism.

16.     In January 2017, Plaintiff began complaining of stomach pain related to a hernia and was released from work to go to the emergency room.  On January 23, 2017, Plaintiff presented Defendant with a doctor's note with a restriction of no lifting over 10 pounds.  The surgery to correct this issue could not be performed until the completion of her pregnancy in September 2017.  Plaintiff presented to Defendant with another note on January 25, 2017, limiting her restriction further to no lifting over 5 pounds.  The note stated Plaintiff could return to work on January 30, 2017.

17.     The very next day after receiving the most recent restrictions from Plaintiff's doctor, and before Plaintiff had yet returned to work, Defendant discharged Plaintiff after claiming they attempted but failed to find a way to reasonably accommodate Plaintiff's restrictions.

18.     By reason of defendant's discrimination and retaliation, Plaintiff has suffered and will continue to suffer financial harm, including loss of income and other employment benefits, loss of professional opportunities, embarrassment, and humiliation.

19.     Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, mental anguish, loss of enjoyment of life and other non-pecuniary losses as a direct and proximate result of defendant's discrimination, harassment, and retaliation.

20.     Defendant acted and failed to act willfully, maliciously, intentionally and with reckless disregard for Plaintiff's rights.

## COUNT I: RACE DISCRIMINATION AND RETALIATION UNDER 42 U.S.C. § 1981

21.  All preceding paragraphs are fully incorporated herein.

22.  As a black woman, Plaintiff is a member of a class protected under §1981.

23.  Defendant intentionally discriminated against Plaintiff because of her race.

24.  As a result of Defendant's unlawful discrimination against her, Plaintiff suffered an adverse employment action; she was constructively discharged and otherwise discriminated against in a serious and tangible way with respect to Plaintiff's compensation, terms, or privileges of employment.

25.  As a result of Defendant's conduct, Plaintiff suffered damages, including loss of earnings, salary, and benefits, diminished pay, loss of future earnings, pain, suffering, inconvenience, mental anguish, loss of enjoyment in life, and demands compensatory damages, back pay, front pay, attorney's fees, costs, all other appropriate forms of legal and equitable relief.

26.  Plaintiff is entitled to punitive damages because Defendant's actions were done with malice or reckless indifference to Plaintiff's federally protected rights.

## COUNT II:  RACIAL AND GENDER DISCRIMINATION AND RETALIATION UNDER TITLE VII, 29 U.S.C. § 2000e

27.  All preceding paragraphs are fully incorporated herein.

28.  As a black woman, Plaintiff is a member of a class protected under Title VII.

29.  Defendant intentionally discriminated against Plaintiff by constructively discharging her on the basis of her membership in a protected class as a black woman.

30.  As a result of Defendant's unlawful and discriminatory conduct, Plaintiff suffered damages, including loss of compensation, diminished pay, loss of future earnings, pain, suffering, inconvenience, mental anguish, loss of enjoyment in life, and demands compensatory

damages, back pay, front pay, attorney's fees, costs, all other appropriate forms of legal and equitable relief.

## COUNT III: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT UNDER TITLE 42 U.S.C. §1211(a) (2012) - DISCRIMINATION

31. All preceding paragraphs are fully incorporated herein.

32. At all relevant times, Plaintiff was a disabled person within the meaning of the ADA.

33. Plaintiff was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by her employer.

34. Plaintiff suffered an adverse employment action as a result of discrimination.

35. Defendant failed to make reasonable accommodations and failed to demonstrate that making such accommodation would impose undue hardship on the operation of the business.

36. As a result of Defendant's unlawful and discriminatory conduct, Plaintiff suffered damages, including loss of compensation, diminished pay, loss of future earnings, pain, suffering, inconvenience, mental anguish, loss of enjoyment in life, and demands compensatory damages, back pay, front pay, attorney's fees, costs, all other appropriate forms of legal and equitable relief.

## COUNT IV: ADA RETALIATION

37. All preceding paragraphs are fully incorporated herein.

38. Defendant's actions constitute retaliation under ADA.

39. Plaintiff was a qualified individual who was denied the benefits of employment on the basis of her disability. Plaintiff's lifting restrictions were met with denial and subsequently, she was terminated because of her request for medical leave.

40. As a result of Defendant's unlawful and discriminatory conduct, Plaintiff suffered damages, including loss of compensation, diminished pay, loss of future earnings, pain, suffering, inconvenience, mental anguish, loss of enjoyment in life, and demands compensatory damages, back pay, front pay, attorney's fees, costs, all other appropriate forms of legal and equitable relief.

**WHEREFORE**, Plaintiff prays this Honorable Court will grant her relief in the form of these specific requests and any other such legal and equitable relief this Court deems appropriate and just.

DATED: November 1, 2021

Kate Butler No. 6017
Kate Butler Law LLC
1509 Gilpin Avenue, Suite 3
Wilmington, DE 19806
Tel: 302-966-9994
Fax: 302-651-7960
Email: Kate@katebutlerlaw.com